Hudson Ins. Co., Inc. v City of New York (2019 NY Slip Op 02423)





Hudson Ins. Co., Inc. v City of New York


2019 NY Slip Op 02423


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Richter, Kapnick, Kahn, Oing, JJ.


8824 653524/15

[*1]Hudson Insurance Company, Inc., Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


Westermann Sheehy Keenan Samaan & Aydelott, LLP, East Meadow (Michael J. Rosenthal of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Eric Lee of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered December 19, 2016, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
The court correctly granted defendant's motion because Article 56 of the parties' public works contract had an explicit six month limitations period which accrued upon defendant's issuance of a certificate of substantial completion, issued here on August 15, 2014. Because the action was not commenced until October 23, 2015, well beyond the limitations period, it was correctly deemed untimely.
We reject plaintiff's contention that it elected to submit all of its damages for extra work and delays at the same time that it requested an extension of the project's completion, and that it had given the City notice of damages and delays by letter and at meetings throughout the project, which should have satisfied Articles 11 and 30 of the parties' contract, because the contract's notice requirements were strict and unambiguous. It is uncontested that plaintiff did not comply therewith, and the contract provides that noncompliance constitutes a waiver, precluding the claims asserted in this lawsuit (Madison Equities, LLC v Serbian Orthodox Cathedral of St. Sava, 144 AD3d 431 [1st Dept 2016]; see A.H.A. Gen. Constr. V New York City Hous. Auth., 92 NY2d 20, 33-34 [1998]).
Plaintiff's argument that alleged representations and assurances by defendant's agents, to the effect that compliance with the contract's notice requirements would not be enforced, is unavailing, given the contract's explicit merger, estoppel and no oral modification clauses (Excel Graphics Tech., v CFG/AGSCB 75 Ninth Ave., 1 AD3d 65, 69-70 [1st Dept 2003], lv dismissed 2 NY3d 794 [2004]).
Plaintiff's quantum meruit cause of action was properly dismissed as it arose out of the same subject matter governed here by a valid, enforceable contract (Clark-Fitzpatrick, Inc. v [*2]Long Is. R.R. Co., 70 NY2d 382, 388 [1987]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK